**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TISA RAY o/b/o R.R.H.R.

    Plaintiff,

v.                                                                                                                     CASE NO. 3:08-cv-1183-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**ORDER AND OPINION**

This matter is before the Court on Plaintiff's complaint (Doc. #1) seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying her minor grandson's ("Claimant") claim for continuation of disability benefits.[1] Plaintiff filed a memorandum in support of the complaint (Doc. #23). Defendant filed a memorandum in support of the Commissioner's decision to deny disability benefits (Doc. #28). The Commissioner has filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number).

The undersigned has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs and the materials provided in the transcript of the underlying proceedings. Upon review of the record, the undersigned found the issues raised by Plaintiff were fully briefed and determined oral

---

[1] Plaintiff is Claimant's legal guardian (*see* Tr. 357). On December 19, 2002 (when Claimant was one (1) year of age) he was granted child Supplemental Security Income ("SSI") benefits due to asthma and possible gastroesophageal reflux disease ("GERD"), which the Commissioner determined met the requirements of Listing 103.03 of 20 C.F.R. pt. 404, subpt. P, app. 1 (Asthma) (Tr. 20, 47). It was later found, however, that Claimant's disability had ceased as of March 1, 2005 due to medical improvement (Tr. 29; *see also* Tr. 41, 47).

argument would not benefit the undersigned in making his determinations.

Accordingly, the instant matter has been decided on the written record. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED**.

### I. Procedural History

Pursuant to a continuing disability review, the Commissioner found Claimant's disability ceased as of March 1, 2005 (Tr. 43-45). Plaintiff subsequently requested a hearing before an administrative law judge (the "ALJ"), which was held on September 27, 2006 (Tr. 351-79). On May 13, 2008, the ALJ found Claimant's disability had ceased as of March 1, 2005 (Tr. 14-29). Plaintiff requested review by the Appeals Council (Tr. 8-9), which was denied on November 13, 2008 (Tr. 5-7). Having exhausted her administrative remedies, Plaintiff appeals to this Court. The matter is now ripe for review under 42 U.S.C. § 405(g).

### II. Standard of Disability and Standard of Review

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the ALJ's findings are supported by substantial evidence of record. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of facts are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th

Cir. 1982).

The definition of childhood SSI disability provides that an individual under eighteen (18) years of age shall be considered disabled if that individual has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than twelve (12) months. 42 U.S.C. § 1382c(a)(3)(C)(I). The Regulations define the statutory standard of "marked and severe functional limitations" in terms of "listing-level severity." 20 C.F.R. §§ 416.902, 416.906, 416.924(a), 416.926a(a). The Commissioner has established a specific three-step sequential evaluation process to determine whether a child's disability has ceased. 20 C.F.R. § 416.994a(b).

Pursuant to the three-step sequential evaluation process, the Commissioner must first determine whether the claimant experienced medical improvement in his or her impairment(s). 20 C.F.R. § 416.994a(b)(1). Medical improvement is defined as any decrease in the medical severity of the claimant's impairment(s) based on changes in the symptoms, signs, and/or laboratory findings associated with the claimant's impairment(s). 20 C.F.R. § 416.994a(c); *see also* 20 C.F.R. § 416.928 (defining symptoms, signs, and laboratory findings).

If the claimant has experienced medical improvement, the Commissioner will consider whether the impairment(s) (considered at the time of the most recent favorable determination or decision—*i.e.*, the comparison point decision ("CPD")) still meet or equal the severity of the listed impairment it met or equaled at the time the determination or decision was rendered. 20 C.F.R. § 416.994a(b)(2). If the claimant's impairment(s) do not

still meet or equal the severity of the listed impairment it initially met or equaled in the CPD, the Commissioner must then determine whether the claimant is currently disabled under 20 C.F.R § 416.924(c) and (d).  20 C.F.R. § 416.994a(b)(3).

In accordance therewith, the Commissioner must first determine whether the claimant has a severe impairment or combination of impairments. 20 C.F.R. §§ 416.924(c), 416.994a(b)(3)(i).  If the claimant has a severe impairment or impairments, the Commissioner must then determine whether the claimant's impairment(s) (either singly or in combination) meet, medically equal, or functionally equal the severity of a listed impairment.  20 C.F.R. §§ 416.924(d), 416.994a(b)(3)(ii), (iii).

In determining whether an impairment or combination of impairments functionally equals a listing, the Commissioner must assess the child's functioning in the following six broad functional areas, called domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for his or herself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

If a child has "marked" limitations in two domains or an "extreme" limitation in one domain, the child's impairment(s) functionally equal a listed impairment. 20 C.F.R. § 416.926a(d).  A claimant has a "marked" limitation if his or her impairment(s) interfere seriously with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2).  A claimant has an "extreme" limitation when the impairment(s) interfere very seriously with the ability to independently initiate, sustain, or complete activities.  20 C.F.R. § 416.926a(e)(3).  If the claimant's impairment(s) do not meet, medically equal, or functionally equal a listed impairment, the claimant will be found not disabled.  20 C.F.R.

§§ 416.924(d)(2), 416.994a(b)(3) (ii), (iii).

### III. Background Facts

Claimant was born in 2001, and was less than a year old when his mother filed his application for SSI benefits in June 2002 (Tr. 61). Claimant received child's SSI benefits due to asthma and possible GERD until he was notified that his disability had ceased as of March 1, 2005 (Tr. 41, 47). At the time of the hearing, Claimant was five (5) years of age (Tr. 358). At the hearing, Plaintiff testified that Claimant continued to suffer from asthma and GERD symptoms, and that he was also having speech difficulties (Tr. 361-64, 368-69, 376; *see also* Tr. 56, 125, 128, 136).[2]

After review of the medical evidence of record and the testimony at the hearing, the ALJ found Claimant experienced medical improvement in his impairments and that, as of March 1, 2005, the impairments Claimant had at the time of the prior favorable decision (the CPD) no longer met or medically equaled Listing 103.03 (Asthma) and, in addition, did not functionally equal any of the other listed impairments (Tr. 21).

In his decision, the ALJ next determined that, since March 1, 2005, Claimant's history of bronchiolitis, asthma, GERD, low average IQ, and expressive language delay were severe impairments, but found those impairments did not meet, medically equal, or functionally equal any of the listed impairments (either singly or in combination) (Tr. 26-27). Thus, the ALJ found Claimant's disability had ceased as of March 1, 2005 (Tr. 26-27).

---

[2]On September 8, 2005, at the request of the Duval County School Board, Claimant was evaluated by psychologist, Lynne Herron, due to difficulties he was noted to have regarding speech and behavior (Tr. 242-47). Results from administered intelligence quotient ("IQ") testing placed Claimant in the low average range of intellectual functioning, with a Full Scale IQ of 82 (Tr. 242-47). As a result of the aforementioned testing, Claimant was placed in exceptional student education classes, which included speech therapy (Tr. 256).

5

**IV. Analysis**

On appeal, Plaintiff requests that the Court reverse the Commissioner's decision for "consideration of [Claimant's] other medical problems including gastroesophageal reflux, low IQ, and speech or developmental delay as document in the medical evidence of record" (Doc. #23 at 6).

As an initial matter, in Plaintiff's argument section of her memorandum in support of the appeal (Doc. #23 at 5-7), she neither cites to the record, nor provides supporting authority for her contentions set forth therein. As such, the issue(s) raised are deemed waived. *See N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir.1998) ("[i]ssues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived"); *Cont'l Technical Services v. Rockwell Int'l Corp.*, 927 F.2d 1198, 1199 (11th Cir.1991) (finding that a "simple contention" does not present an argument and therefore is waived); *see also Callahan v. Barnhart*, 186 F. Supp. 2d 1219, 1230 n. 5 (M.D. Fla. 2002) ("[s]uch a cursory treatment of a potentially important issue is taken by this Circuit [the Eleventh Circuit] to be a sign that the party has abandoned the issue").

The Court, however, will nevertheless address Plaintiff's argument(s) in this regard.

Contrary to Plaintiff's assertions, the ALJ did consider all of Plaintiff's medically determinable impairments, including Claimant's speech or developmental delay, low average intelligence, and GERD (*see* Tr. 26-29).

To illustrate, the ALJ explicitly found Claimant's history of low average IQ, history of GERD, and history of expressive language delay were "severe impairments" pursuant

to the Regulations (Tr. 26).  *See also* 20 C.F.R. § 416.924(c) (defining "severe" impairment(s)).  The ALJ specifically referenced, *inter alia*, Claimant's IQ testing results, his placement in special education classes (which included speech therapy sessions), and his GERD symptoms (*see* Tr. 26-29; *see also* Tr. 238, 240, 256).  The ALJ then determined that all of Claimant's severe impairments (either singly or in combination) did not meet or medically equal one of the listed impairments (Tr. 26-29).  Furthermore, when analyzing Claimant's functioning in the six domains, *supra*, the ALJ specifically discussed, *inter alia*, Claimant's speech difficulties, low average intelligence, and GERD symptoms (*see* Tr. 27-29).

More particularly, in finding Claimant had less than a marked limitation in the domain of acquiring and using information, the ALJ noted that, although Claimant had a delayed range on his performance on his pre-school readiness test, his intelligence scores were in the average range, with an average receptive vocabulary subtest score (Tr. 27-28; *see also* Tr. 243-44, 247).  The ALJ also noted that Claimant completed many school and speech-language tests, and that his Behavioral Symptom Index demonstrated "no severe problem that required formal treatment" (Tr. 28; *see also* Tr. 243). The ALJ also noted that Plaintiff testified Claimant had the sustained attention to watch television, and that his favorite television program was Curious George (Tr. 28; *see also* Tr. 371).

In finding Claimant had a less than marked limitation in the domain of interacting and relating to others, the ALJ acknowledged Claimant had a speech impairment, but noted that testing revealed Claimant could use plural words and spoke in five (5) to six (6) word sentences at the age of three (3) years and eleven (11) months (Tr. 28; *see also* Tr. 238).

The ALJ also noted that Plaintiff reported at the hearing that, since the aforementioned testing, Claimant's speech had improved as a result of his speech therapy sessions (Tr. 28; *see also* Tr. 364). Accordingly, the Court finds Plaintiff's argument that "**no** consideration was given" to Claimant's "slow or delayed speech patterns" is without merit (Doc. #23 at 6) (*emphasis added*).

With respect to Claimant's GERD symptoms, the ALJ noted Plaintiff reported that Claimant vomited when he ate "certain foods" (Tr. 25; *see also* Tr. 267, 243), and that his medications worked well in limiting Claimant's vomiting symptoms (Tr. 113, 118). Conditions that are controlled with medication are not disabling. *Fraga v. Bowen*, 810 F.2d 1296, 1305 (5th Cir. 1987)[3] (*citing James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986)); *see also Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988) (medical conditions that can reasonably be remedied by medication are not disabling). Accordingly, Plaintiff's contention that the ALJ did not consider or address Claimant's GERD symptoms is also without merit.

To the extent Plaintiff seems to suggests the ALJ should have sought additional "clarification" in order to determine whether Claimant's larynx had not properly formed and whether this "is the cause of [Claimant's] difficulties" (Doc. #23 at 5-6),[4] Plaintiff ignores established jurisprudence that a particular condition alone is an insufficient basis for finding the impairment is severe. *See Sellers v. Barnhart*, 246 F. Supp. 2d 1201, 1211 (M.D. Ala.

---

[3]Decisions of the Fifth Circuit rendered on or before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

[4]In a Duval County Public School form, a student "specialist" states: [Claimant's] trachea and larynx did not form correctly resulting in acid reflux and vomiting" (Tr. 263).

2002); *see also McCray v. Massanari*, 175 F. Supp. 2d 1329, 1334 (M.D. Ala. 2001) (the district court found the claimant must provide more than evidence of a listed diagnosis to prove disability under one of the listed impairments). The severity of a medically ascertained impairment must be measured in terms of its effect upon a claimant's ability to work (or function) and not simply in terms of deviation from medical standards of bodily normality. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986); *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (finding the mere existence of impairments "does not reveal the extent to which they limit [a claimant's] ability to work or undermine the ALJ's determination in that regard").

The mere fact Claimant's larynx may not have formed properly does not demonstrate that he has additional functional limitations beyond acid reflux and vomiting, which were thoroughly addressed by the ALJ. *See Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987); *see also* 42 U.S.C. § 1382c(a)(3)(C)(i) (providing a child is disabled only if a medical impairment "results in marked and severe functional limitations"). The record contains, and the ALJ referenced, evidence that describes Claimant's functional capabilities regardless of his underlying medical conditions. Moreover, as Plaintiff correctly notes, the record merely suggests Claimant's larynx may not have formed correctly (*see* Doc. #23 at 5; *see also* Tr. 263).[5] Based on the foregoing, the Court finds Plaintiff's perfunctory argument in this regard to be without merit.

---

[5]The Court was unable to locate any medical record(s) substantiating the statement made by the aforementioned student specialist regarding Claimant's trachea and larynx, *supra*, n.4. Nevertheless, for the reasons provided herein, even if the Court had located any such medical documentation, it would have likely been of no consequence as Claimant's limitations that apparently stem therefrom (*i.e.*, acid reflux and vomiting) were adequately addressed by the ALJ.

## V. Conclusion

Upon due consideration, the Court finds the decision of the Commissioner was decided according to proper legal standards and that it is supported by substantial evidence. As neither reversal nor remand is warranted in this case, and for the aforementioned reasons, the decision of the ALJ is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file. Each party shall bear its own fees and costs.

**DONE AND ORDERED** at Jacksonville, Florida this 28th day of September, 2010.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge